■ In the Matter of FELIPE B., Respondent, v YOLANDA B., Appellant. [756 NYS2d 746] —Order, Family Court, New York County (Lesley Friedland, Referee), entered on or about July 13, 2000, which, to the extent appealed from, granted the petition for custody of the subject child, unanimously affirmed, without costs.

The evidence adduced, most notably the report of the psychiatric expert noting that respondent mother did not recognize the importance of interaction and communication with the subject child, fairly supported Family Court's determination that it was in the child's best interests to place him in petitioner father's care and custody. Favoring this disposition as well is the circumstance that petitioner will also have custody of the subject child's two older siblings (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]). Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.

■ AMJAD AZIZ, Respondent, v TIME WARNER CABLE OF NEW YORK CITY et al., Appellants, and CITY OF NEW YORK, Respondent. [757 NYS2d 540] —Order, Supreme Court, New York County (Saralee Evans, J.), entered November 12, 2002, which, in an action for personal injuries sustained when plaintiff's car drove into a large hole in the road, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Appellants failed to show, prima facie, that the hole in question, which they admittedly excavated some seven months before the accident in order to install a cable box, was ever filled and the area repaved (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The invoice of the company that appellants hired to mill, pave and seal the road does not prove that such work was properly completed, and the witness that appellants produced had no first-hand knowledge of the work that was done. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.

■ In the Matter of RICHARD H. SIEGEL (Admitted as RICHARD HERBERT SIEGEL), a Suspended Attorney. [761 NYS2d 475] —Petitioner reinstated as attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Buckley, P.J., Tom, Saxe, Williams and Friedman, JJ.